MARCIA BRADY TUCKER AND ESTATE OF CARLL TUCKER, DECEASED, MARCIA BRADY TUCKER, CARLL TUCKER, JR., AND LUTHER TUCKER, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE. RESPONDENT.

Docket No. 84964. Filed September 26, 1962.

*George W. Saam, Esq.,* for the petitioners.
*John E. McDermott, Jr., Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $28,703.71 in income tax of the petitioners for 1955. The only issue for decision is whether the petitioners, through Marcia, the income beneficiary of a trust, are entitled to a greater benefit from general expense deductions of the trust than has been allowed by the Com-

missioner in computing distributable net income of the trust. The answer depends upon the allocation of those general expenses among the several classes of trust income.

The facts have been presented by a stipulation which is adopted as the findings of fact. The joint return for 1955 was filed with the director of internal revenue for the Upper Manhattan District of New York.

The trust, of which Marcia was entitled to the income for life, received during the tax year large capital gains which were added to corpus and were not distributable, and other classes of income, including tax-exempt interest, which were distributable to Marcia. The trust paid expenses of a general nature, not directly applicable to any class of trust receipts, amounting to $148,817.36 in the tax year. The Commissioner allocated all of that amount among the classes of distributable income of the trust and allowed Marcia the benefit of the portion thereof allocated to taxable distributable income. Concededly the portion thereof allocable to distributable tax-exempt interest cannot benefit Marcia. Sec. 265(1) (1954 Code). The petitioners contend that a proportionate part of those general expenses should be deductible for her benefit in computing distributable net income, because it is allocable to the nondistributable capital gains of the trust. This would decrease the portion allocated by the Commissioner to tax-exempt interest by $32,992.77.[1]

The petitioners cite and rely upon section 265 but how it could help them is not clear. It is a general provision not especially applicable to trusts whereas subchapter J, containing the provisions relied upon by the Commissioner, applies specifically to trusts and beneficiaries thereof. See sec. 652 and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 346 *et seq.* "Subchapter J.—Estates, Trusts, Beneficiaries, and Decedents" expressly deals with this subject and leaves details to the regulations.

Section 643(a) defines "distributable net income" of a trust as "the taxable income of the * * * trust computed with the following modifications—" one of which is the exclusion of capital gains retained as corpus. Sec. 643(a)(3). Section 652(b) is as follows:

(b) CHARACTER OF AMOUNTS.—The amounts specified in subsection (a) [income currently distributable] shall have the same character in the hands of the

---

[1] It may be difficult to understand the petitioners' argument that a part of the general expenses of the trust should be allocated to its capital gains retained as corpus and yet benefit the income beneficiary in the computation of distributable net income. However, the Commissioner states that the income beneficiary is entitled to the benefit of the total deduction from the general expenses which would otherwise accrue to the trustee and he does not argue that any part thereof should be excluded from the computation of the deduction in determining distributable net income on the ground that some part of those expenses should be allocated to the nondistributable capital gains. He puts all of the general expenses into the computation of the deduction for the benefit of the income beneficiary although this leaves no portion of those expenses for possible deduction by the trust which retained its capital gains.

beneficiary as in the hands of the trust. For this purpose, the amounts shall be treated as consisting of the same proportion of each class of items entering into the computation of distributable net income of the trust as the total of each class bears to the total distributable net income of the trust, unless the terms of the trust specifically allocate different classes of income to different beneficiaries. In the application of the preceding sentence, the items of deduction entering into the computation of distributable net income shall be allocated among the items of distributable net income in accordance with regulations prescribed by the Secretary or his delegate.

Here all capital gains were "allocated to corpus" under the terms of the trust, they are not a part of distributable net income, and thus no part of the general expenses is allocable to them in computing the deduction for the benefit of the income beneficiary. This result is supported by the legislative history of subchapter J, referred to *supra*. See also Income Tax Regs., sec. 1.643(c)–2, *Example (1)*, and sec. 1.652(c)–4 (*Example*). The following is from Income Tax Regulations, sec. 1.652(b)–3(b):

(b) The deductions which are not directly attributable to a specific class of income may be allocated to any item of income (including capital gains) included in computing distributable net income, but a portion must be allocated to nontaxable income (except dividends excluded under section 116) pursuant to section 265 and the regulations thereunder. For example, if the income of a trust is $30,000 (after direct expenses), consisting equally of $10,000 of dividends, tax-exempt interest, and rents, and income commissions amount to $3,000, one-third ($1,000) of such commissions should be allocated to tax-exempt interest, but the balance of $2,000 may be allocated to the rents or dividends in such proportions as the trustee may elect. The fact that the governing instrument or applicable local law treats certain items of deduction as attributable to corpus or to income not included in distributable net income does not affect allocation under this paragraph. For instance, if in the example set forth in this paragraph the trust also had capital gains which are allocable to corpus under the terms of the trust instrument, no part of the deductions would be allocable thereto since the capital gains are excluded from the computation of distributable net income under section 643(a)(3).

The Commissioner followed that regulation in this case and the petitioners have not shown that they are entitled to a greater benefit than that thus allowed them. That is the only issue for decision in the case as presented.

Reviewed by the Court.

*Decision will be entered for the respondent.*