Marcia Brady TUCKER and Estate of Carll Tucker, deceased, Marcia Brady Tucker, Carll Tucker, Jr., and Luther Tucker, Executors, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 357, Docket 28032.

United States Court of Appeals
Second Circuit.

Argued June 11, 1963.

Decided Aug. 7, 1963.

Humes, Andrews & Botzow, New York City (George W. Saam, New York City, of counsel), for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen. (Lee A. Jackson, L. W. Post, Arthur E. Strout, Attys., Dept. of Justice, Washington, D. C., of counsel), for respondent.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

This is a petition for review of a decision of the Tax Court, reported at 38 T.C. 955 (1962), determining a deficiency of $28,703.71 in the income tax of the petitioner, Marcia Brady Tucker, and her deceased husband[1] for the calendar year 1955. Marcia Brady Tucker is the income beneficiary of a trust created under the will of her father. The entire net income from the trust, other than capital gains, is payable to her for life. The income of the trust for 1955 consisted of $380,122.21 of tax-exempt municipal bond interest, $607,497.84 of taxable dividends and interest, and $1,408,887.31 of net long term capital gains.

The trust expenditures not directly attributable to any specific class of income amounted to $148,817.36. These expenses

---

1. The deficiency in tax is due entirely to the wife's income, and, for convenience, she will be referred to as the taxpayer.

were all chargeable to and paid out of the corpus of the trust.[2] The sole controversy between the parties is over the method of allocation of these administrative expenses between the tax-exempt and taxable income of the trust. The trustee allocated these expenses pro rata among all items of tax-exempt and taxable income, including capital gains, thereby arriving at an allocation of $23,464.09 to tax-exempt income and $125,353.27 to taxable income. The Commissioner made the allocation only among the items of tax-exempt and taxable income distributable to the income beneficiary. By excluding capital gains, he arrived at an allocation of $56,456.84 of the expenses to tax-exempt income and $92,360.52 to taxable income, thus increasing the amount of the expenses allocated to tax-exempt income by $32,992.77. The Commissioner's allocation has no effect on the amount of income which is taxable to the trust,[3] but it does increase by $32,992.77 the amount of the distribution which must be included in the gross income of the taxpayer. This increase produced the deficiency of $28,703.71. The Tax Court upheld the Commissioner's determination on the ground that Section 652(b) of the Internal Revenue Code of 1954 mandated the allocation as made by the Commissioner. We affirm.

2. Under the 1954 Code, the income beneficiary receives the benefit of all the deductions of the trust not attributable to tax-exempt interest, including those deductions, if any, properly allocable to capital gains. This change from the practice under the Internal Revenue Code of 1939 was made to avoid the wasting of deductions that was possible under that Code. See generally, H.Rep. No. 1337, 83rd Cong., 2d Sess., A196–198 (1954); S.Rep. No. 1622, 83rd Cong., 2d Sess., 345–47 (1954), U.S.Code Congressional and Administrative News, p. 4025 et seq.

3. This method of allocation does not change the total amount of the deductions available to the trust. When the trust's deductible expenses are decreased, the deduction allowed for the amount of the income required to be distributed to beneficiaries is increased by an equal amount. See Section 651 of the Internal Revenue Code of 1954.

Section 652(b) of the 1954 Code provides as follows:

"Sec. 652. Inclusion of amounts in gross income of beneficiaries of trusts distributing current income only

\* \* \* \* \* \*

"(b) Character of amounts.—The amounts specified in subsection (a) shall have the same character in the hands of the beneficiary as in the hands of the trust. For this purpose, the amounts shall be treated as consisting of the same proportion of each class of items entering into the computation of distributable net income of the trust as the total of each class bears to the total distributable net income of the trust, unless the terms of the trust specifically allocate different classes of income to different beneficiaries. In the application of the preceding sentence, the items of deduction entering into the computation of distributable net income shall be allocated among the items of distributable net income in accordance with regulations prescribed by the Secretary or his delegate."

Section 643 [4] defines the term "distributable net income" to mean the tax-

4. "Sec. 643. Definitions applicable to subparts A, B, C, and D.

"(a) Distributable net income.—For purposes of this part, the term 'distributable net income' means, with respect to any taxable year, the taxable income of the estate or trust computed with the following modifications—

\* \* \* \* \*

"(3) Capital gains and losses.—Gains from the sale or exchange of capital assets shall be excluded to the extent that such gains are allocated to corpus and are not (A) paid, credited, or required to be distributed to any beneficiary during the taxable year, or (B) paid, permanently set aside, or to be used for the purposes specified in section 642(c). Losses from the sale or exchange of capital assets shall be excluded, except to the extent such losses are taken into account in determining the amount of gains from the sale or exchange of capital assets which

able income of the estate or trust computed with certain modifications. One of the modifications enumerated is the exclusion of capital gains to the extent that these gains are allocated to corpus and are not paid, credited, or required to be distributed to any beneficiary during the taxable year. Section 643(a)(3). As noted earlier, the capital gains of the trust in question are not distributed to the beneficiary but are required to be retained in the trust corpus. Thus, the capital gains of the trust are not part of the distributable net income of the trust as defined in section 643 and are, therefore, not an "item of distributable net income" for purposes of allocation under section 652(b). According to the terms of the statute itself, then, the allocation of the Commissioner is the proper one.[5]

Taxpayer seeks to avoid the mandate of section 652(b) and the regulations promulgated thereunder by arguing that section 265, and not section 652(b), controls the allocation in question. She argues that trust disbursements (expenses) are to be allocated to tax-exempt interest according to the principles of section 265,[6] and that the amount of the expenses held to be nondeductible, because allocated to tax-exempt interest under section 265, is not an item of deduction entering into the computation of distributable net income for purposes of section 652(b). According to the taxpayer, section 652 is concerned only with the allocation of deductions, for the purpose of determining the income character in the hands of the beneficiary, after the amount of the deduction has been determined under section 265.

Taxpayer's analysis would leave no operative significance for section 652(b). Carrying the analysis to its logical conclusion and still giving effect to section 652(b) would produce strange results. For example, section 652(b) requires that deductions entering into the computation of distributable net income be allocated among the items of distributable net income. One of the items of distributable net income is tax-exempt income. Section 643(a)(5). Allocating a portion of the deduction (defined by taxpayer to exclude the amount allocated to tax-exempt income under section 265) to tax-exempt income would mean that expenses clearly attributable to taxable income would be lost to the taxpayer. The only way to avoid that result would be to exclude tax-exempt interest from the base for the purpose of the section 652(b) allocation. This would do violence to the clear requirement of that section.

The basic fallacy in taxpayer's argument is that it contemplates two allocations, one to determine the trust's deductions and the other to allocate those deductions among the items of distributable net income. The statutory pattern calls for one allocation and that allocation is governed by section 652. To hold otherwise would be to deny any effect to the language of that section.

Affirmed.

---

are paid, credited, or required to be distributed to any beneficiary during the taxable year. The deduction under section 1202 (relating to deduction for excess of capital gains over capital losses) shall not be taken into account.

\* \* \* \* \*

"(5) Tax-exempt interest.—There shall be included any tax-exempt interest to which section 103 applies, reduced by any amounts which would be deductible in respect of disbursements allocable to such interest but for the provisions of section 265 (relating to disallowance of certain deductions)."

5. The Regulations to section 652(b) also call for the allocation made by the Commissioner. See Treas.Reg. § 1.652(b)–3(b).

6. Treas.Reg. 1.265–1(c) provides that if an expense is allocable to both exempt and nonexempt income, a "reasonable proportion thereof \* \* \* shall be allocated to each."

Taxpayer argues that the trustee's allocation of the expenses among all classes of income is the only reasonable one under this section. The Court of Claims, however, has held that the Commissioner's allocation is reasonable under section 265. Manufacturers Hanover Trust Co. v. United States, 312 F.2d 785 (Ct.Cl. 1963).